**DISTRICT 30 UNITED MINE WORKERS OF AMERICA,**
Plaintiff-Appellee,

v.

**SOVEREIGN COAL CORPORATION,**
Defendant-Appellant.

No. 82–5058.

United States Court of Appeals,
Sixth Circuit.

Argued March 7, 1983.

Decided April 11, 1983.

John M. Stephens, Stephens, Combs & Page, Pikeville, Ky., for defendant-appellant.

James R. Hampton, Pikeville, Ky., for plaintiff-appellee.

Before EDWARDS, Chief Judge, and WEICK and CELEBREZZE, Senior Circuit Judges.

PER CURIAM.

Appellant Sovereign Coal Corporation seeks relief from an order entered by the Magistrate who had heard a dispute over an arbitration clause by stipulation of the parties. The Magistrate's succinct but accurate opinion and order are quoted below:

On October 10, 1979, a plan was designed by the parties to this action. That plan related to the seniority and continued employment of defendant's classified employees upon the closing of defendant's Mine No. 1 and Mine No. 2 and the opening of defendant's Mine No. 3. Defendant, however, subsequently chose not to operate Mine No. 3 with its own work force; electing, instead, to have the work performed by a contract operator, Phelps Mining Company. A grievance was filed, claiming that defendant's actions constituted a breach of the 1979 realignment plan and seeking, *inter alia,* seniority status at the new mine. Defendant admittedly refused to process this grievance, asserting that the 1979 realignment plan was unenforceable for want of consideration. Plaintiff thereupon instituted this action to compel arbitration. This Court has jurisdiction pursuant to 29 U.S.C. § 185(a) and, with the consent of the parties the power to exercise that jurisdiction has been conferred on the undersigned. 28 U.S.C. § 636(c).

Both the 1978 and 1981 National Bituminous Coal Wage Agreements contain provisions which facially cover the circumstances presented to the Court.[1] Given the broad range of issues subject to the arbitration clauses of each Agreement,[2] the Court's function is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. *United Steelworkers of America v. American Manufacturing Company,* 363 U.S. 564, 568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960). Disputes regarding the contracting out of work clearly are subject to arbitration. "Contracting out of work is the basis of many grievances; and that type of claim is grist in the mills of arbitrators." *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 584, 80 S.Ct. 1347, 1354, 4 L.Ed.2d 1409 (1960). Hence, the question whether defendant breached the 1978 and 1981 Agreements when it contracted out the work at what was to be Mine No. 3 is one for the arbiter. The inherent issue as to whether the 1979 realignment plan limited defendant's right to do so is also subject to arbitration. *United Mine Workers of America District 28 v. Flatgap Mining Company, Inc.,* 484 F.Supp. 1287, 1289 (W.D.Va. 1980).

---

**1.** *See,* Article IA, §§ (f)–(g), both Agreements.

**2.** *See* Article XXIII, § (c), both Agreements.

Having determined that defendant's refusal to arbitrate is without merit, defendant's motion to dismiss this cause for failure to state a claim upon which relief can be granted is denied. A separate order shall this date be entered granting plaintiff the injunctive relief it seeks.[3]

It Is So Ordered this the 1st day of December, 1981.

(s) Joseph M. Hood
United States Magistrate

---

3. Defendant conceded at the hearing that if its motion to dismiss has no substance then plaintiff is entitled to injunctive relief.

ORDER—Filed December 2, 1981

In conformity with the Memorandum Opinion and Order of even date,

It Is Ordered that the parties submit the present dispute between them to the grievance procedures set out in the appropriate collective bargaining agreement.

This the 1st day of December, 1981.

(s) Joseph M. Hood
United States Magistrate

This court having considered this case on full briefing and full oral argument and having noted ample evidence in this record that the dispute described in the Magistrate's opinion is clearly subject to arbitration under the 1978 and 1981 National Bituminous Coal Wage Agreements and the interpretation of federal law set forth by the United States Supreme Court in *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960) and *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960);

Now therefore the order requiring arbitration entered by the U.S. Magistrate is hereby affirmed.